UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>V.<br><br>THOMAS SHEPHERD,<br>    Defendant. | CRIMINAL NO. 7:23-CR-3-KKC-EBA-1<br><br><u>**OPINION AND ORDER**</u> |

*** *** ***

This matter is before the Court on Defendant Thomas Shepherd's motion to dismiss. (DE 21.) The Government filed a timely response (DE 25) and Shepherd failed to submit a reply in accordance with the Local Rules. Now that the motion is ripe for judicial review, the Court will deny Shepherd's motion to dismiss the Indictment.

Shepherd presents three grounds for dismissal of the Indictment: (1) there is insufficient evidence to support the firearm charges; and (2) there is insufficient evidence to support the methamphetamine possession charge. (DE 21 at 2.) He further points to alleged chain of custody issues regarding the seized methamphetamine to argue that there is an insufficient basis to support the methamphetamine possession claim. (*Id.* at 3.) The Court finds each argument unpersuasive in this matter.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Coss*, 677 F.3d 278, 287–88 (6th Cir. 2012) (quoting *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010)) (quotation marks omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." *Id.* (citing *United States v. Heller*, 579 F.2d 990, 999 (6th Cir. 1978)) (quotation marks

omitted). It must, however, "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (citing *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001)).

"When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial." *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982). "[T]he prosecution's evidence is tested at trial, not in a preliminary proceeding." *Id.*

The Court finds that the Indictment in this matter is sufficient. It contains the elements of the offenses charged and fairly informs him of the charges against which he must defense. It further enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. The heart of Shepherd's motion is an attack on the evidence against him on the Indictment's three counts. The Government correctly notes that it is not proper for the Court to weigh the evidence upon which an indictment is based when deciding a motion to dismiss. *See United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based.") Shepherd provides no caselaw to contradict this Sixth Circuit guidance. Accordingly, the Court must deny its motion to dismiss the indictment.

For the aforementioned reasons, the Court hereby ORDERS that:

1) Shepherd's motion to dismiss (DE 21) is DENIED; and

2) the Jury Trial is rescheduled for May 6, 2024 at 9:00 a.m. in Pikeville, Kentucky.  Counsel and defendant shall be present at 8:30 a.m.  The estimated length of trial is three (3) days.

This 22nd day of March, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY